UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JASMINE GREENE, | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) |
| | ) Jury Trial Demanded |
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, | ) |
| Defendant. | ) |

## COMPLAINT

Comes now the Plaintiff, and complaining of the Defendant, alleges as follows:

### NATURE OF COMPLAINT

1. This action is brought to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment, including right to be reasonably accommodated, protected by the Americans with Disabilities Act 42 U.S.C. § 12101 et.seq., as amended by The Americans with Disabilities Act Amendments Act of 2008.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Jasmine Greene (hereinafter "Greene" or "Plaintiff"), is a citizen of and a resident of Mecklenburg County, North Carolina.

3. Defendant, Charlotte-Mecklenburg Board of Education, (hereinafter "CMS" or "Defendant"), is a Public School System operating in Mecklenburg County, North Carolina and may be served with process through its Superintendent, Earnest Winston, at: PO Box 30035, Charlotte, North Carolina, 28230.

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (c) as Defendant is subject to the personal jurisdiction of this Court and because many of the acts giving rise to this action occurred in this District.

**ALLEGATIONS**

6. Greene began employment with CMS in or about September 2018.

7. At all times relevant to this complaint, Greene worked as a Teacher and reported to Malacy Williams, Principal ("Williams) until her termination on June 30, 2019.

8. Greene was qualified for her position as Teacher based on training and experience.

9. Greene suffers from Post-Traumatic Stress Disorder ("PTSD"), Adjustment Disorder, Anxiety and Severe Depression which CMS was aware of. These conditions affect Greene's major life activities including, but not limited to, thinking, concentrating, working, breathing, and interacting with others. These major life activities were substantially limited by her conditions and she was disabled within the meaning of the Americans with Disabilities Act 42 U.S.C. § 12101 et.seq., as amended by The Americans with Disabilities Act Amendments Act of 2008 (hereinafter "ADA").

10. CMS was aware of Greene's disabilities and aware of her need for reasonable accommodations so that she could perform the essential functions of her job.

11. Beginning in 2018 through her termination, Malacy began treating Greene differently than other non-disabled employees. For example, CMS demanded access to all of Greene's medical records and history. Malacy advised Greene that if she did not provide all requested medical records and history, she would be denied an accommodation.

12. Greene requested various accommodations including, but not limited to, attend medical appointments which CMS denied.

13. Because her requests to attend medical appointments were denied, Greene was forced to take leave in January and February, 2019.

14. Greene returned to work on February 6, 2019.

15. On her return to work, Greene learned that while Greene was on leave, Mr. Williams repeatedly discussed Ms. Greene's disabilities, medical appointments, and plan to replace Greene with other school employees.

16. Greene confronted Williams about his discussions of her medical conditions, but Williams stated he did not want to give Ms. Greene students because she "could end up in a behavioral clinic or psych ward," directly referencing Ms. Greene's disabilities.

17. Shortly thereafter, Greene was informed that her contract was not being renewed and she would be terminated.

18. Greene's last day of work was June 30, 2019.

19. At all times relevant Greene was a "qualified employee" as defined by 42 U.S.C. § 12111(5)(A) of the ADA as she had been performing all of the essential functions or could have performed the essential functions with a reasonable accommodation.

20. CMS was a "covered" employer as defined in 42 U.S.C. § 12111(5)(A) of the ADA at all relevant times.

21. On or about June 26, 2019, Greene filed a charge of discrimination on the basis of disability and retaliation with the Equal Employment Opportunity Commission (EEOC). (A redacted copy of that Charge is attached hereto as Exhibit A).

22. The EEOC issued a cause Determination on findings that CMS violated the ADA on January 15, 2021. (A copy of that Determination is attached hereto as Exhibit B).

23. The EEOC issued a Notice of Right to Sue dated March 5, 2021. (A redacted copy of the Notice is attached hereto as Exhibit C).

24. This action is filed within ninety (90) days of Greene's receipt of the Notice of Right to Sue from the EEOC.

**FIRST CLAIM FOR RELIEF**
**(Disability Discrimination)**

25. Greene incorporates by reference the allegations of paragraphs 1 through 24 of this complaint.

26. Greene had a disability as defined by the ADA, at the time she was terminated from employment by Defendant.

27. Greene was subjected to discrimination and terminated by Defendant due to her disability.

28. Defendant's termination of Greene because of her disability and/or its disparate treatment of her due to her disability even though she was otherwise qualified for her position violates the ADA.

29. Defendant's discriminatory conduct caused and continues to cause Greene to suffer monetary loss and emotional distress.

30. Defendant's reasons for termination are pretextual.

31. Therefore, Greene now sues Defendant for violation of the Americans with Disabilities Act 42 U.S.C. § 12101 et.seq., as amended by The Americans with Disabilities Act Amendments Act of 2008.

## SECOND CLAIM FOR RELIEF
### (Violation of ADA for Failure to Provide a Reasonable Accommodation)

32. Plaintiff incorporates by reference the allegations of paragraphs 1 through 24 of this complaint.

33. Plaintiff was a "qualified employee" as defined by 42 U.S.C. § 12111(5)(A) of the ADA with a disability, which substantially limits a major life activity.

34. Defendant was aware of Plaintiff's disability, and her need for a reasonable accommodation.

35. Defendant intentionally violated the ADA by refusing to provide a reasonable accommodation of her disability.

36. Defendant's discriminatory conduct caused and continues to cause Plaintiff to suffer monetary loss and emotional distress.

37. Therefore, Plaintiff now sues Defendant for violation of the Americans with Disabilities Act 42 U.S.C. § 12101 et.seq., as amended by The Americans with Disabilities Act Amendments Act of 2008 for failing to provide a reasonable accommodation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. The Court enter a judgment in favor of Plaintiff and against Defendant to include compensation for lost wages, lost benefits, and other economic losses that were proximately caused by the discriminatory/unlawful actions referenced herein.

B. The Court enter an award in favor of Plaintiff and against Defendant for great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish caused by Defendant's actions as alleged herein.

C. The Court enter an award in favor of Plaintiff and against Defendant for reasonable expenses and costs including attorney's fees.

D.  This matter be tried by a jury.

E.  The judgment bear interest at the legal rate from the date of filing this action until paid.

F.  Defendant be taxed with the costs of this action; and

G.  The Court order such other and further relief as it may deem just and proper.

Respectfully submitted this the 4th day of June, 2021.

/s/ KIRK J. ANGEL
Kirk J. Angel NCSB#  33559
Attorney for the Plaintiff
THE ANGEL LAW FIRM, PLLC
1036 Branchview Drive NE
Suite 102
Concord NC 28025
PO Box 1296 (28026)
Telephone:  704.706.9292
Facsimile:  704.973.7859
e-mail:  kirk@mailalf.com