UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:21-CV-00263

| | |
|---|---|
| JASMINE GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ANSWER |
| CHARLOTTE-MECKLENBURG | ) |
| BOARD OF EDUCATION | ) |
| | ) |
| Defendant. | ) |
| | ) |

Defendant, Charlotte-Mecklenburg Board of Education ("Defendant", "Board" or "CMS"), through its undersigned counsel, hereby answers Plaintiff's Complaint as follows:

## FIRST DEFENSE

### (Rule 12(b)(6) Motion to Dismiss)

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that it fails to state a claim upon which relief can be granted. As permitted by L.R. 7.1(c)(1), Defendant reserves the right to file a separate Motion to Dismiss and supporting brief.

Defendant hereby responds to the numbered allegations in Plaintiff's Complaint as follows:

### NATURE OF COMPLAINT

1. The allegations contained in Paragraph 1 of Plaintiff's Complaint state legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies violating the American with Disabilities Act as amended

by the American with Disabilities Act Amendments Act of 2008 or engaging in any other unlawful conduct as alleged by Plaintiff in the Complaint.

## PARTIES, JURISDICTION AND VENUE

2. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 and deny the same.

3. It is admitted that Defendant is a Public School System operating in Mecklenburg County, North Carolina and may be served with process through its Superintendent, Earnest Winston. The remaining allegations are denied.

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

## ALLEGATIONS

6. It is admitted that Plaintiff was employed under a one-year contract by Defendant in or about September 2018.

7. Defendant admits that Plaintiff worked as a teacher and reported to Principal Malacy Williams. The remaining allegations are denied.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's qualification as a teacher based on training and experience, and therefore denies the same.

9. Defendant admits that in October of 2018, CMS was made aware that Plaintiff suffered from anxiety, posttraumatic stress disorder (PTSD) and major depressive disorder. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 9, and therefore denies the same.

10. Defendant admits that in October of 2018, they were made aware that Plaintiff suffered from anxiety, PTSD, and major depressive disorder. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 10, and therefore denies the same.

11. Paragraph 11 is denied.

12. Defendant admits that Plaintiff made requests for leave to attend medical appointments and CMS accommodated Plaintiff's requests. The remaining allegations in paragraph 12 are denied.

13. Defendant admits that CMS authorized non-FMLA medical leave from January 9, 2019, through February 5, 2019. The remaining allegations in paragraph 13 are denied.

14. Paragraph 14 is admitted.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. Defendant admits that Plaintiff received notice from Superintendent Clayton Wilcox on May 20, 2019, that he was recommending her one-year contract not be renewed. The remaining allegations are denied.

18. Paragraph 18 is admitted.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19, and therefore denies the same.

20. Paragraph 20 is admitted.

21. Paragraph 21 is admitted.

22. Paragraph 22 is admitted.

23. Paragraph 23 is admitted.

24. Defendant lacks sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegation that this action is being commenced within ninety (90) days of the receipt of the Right to Sue Letter from the Justice Department, as Plaintiff has alleged no facts regarding Plaintiff's actual receipt of the letter, and therefore denies the same.

## FIRST CLAIM FOR RELIEF

25. Defendant re-alleges the responses previously set forth in the Answer and incorporates them by reference as if fully set forth herein.

26. Defendant admits that Plaintiff had a disability. The remaining allegations in paragraph 26 are denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Defendant admits that Plaintiff has filed a lawsuit alleging violation of the Americans with Disabilities Act and the Americans with Disabilities Act Amendments Act of 2008. The remaining allegations of paragraph 31 are denied.

## SECOND CLAIM FOR RELIEF

32. Defendant re-alleges the responses previously set forth in the Answer and incorporates them by reference as if fully set forth herein.

33. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 and therefore, denies the same.

34. Paragraph 34 is admitted.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.

37. Defendant admits that Plaintiff has filed a lawsuit alleging violation of the Americans with Disabilities Act and the Americans with Disabilities Act Amendments Act of 2008. The remaining allegations of Paragraph 37 are denied.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's requests for relief to which no response is necessary. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought or to any relief.

## SECOND DEFENSE

Defendant pleads all immunities to which they are entitled under the law, including but not limited to governmental immunity.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent they involve transactions or events which are outside the applicable statute(s) of limitations or to the extent a civil action was not filed within ninety (90) days after receiving a right to sue notice from the EEOC.

## FOURTH DEFENSE

To the extent Plaintiff makes allegations in the Complaint that were not raised in the Charges she filed with the EEOC, such allegations exceed the scope of her Charges and are barred for failure to exhaust administrative remedies.

## FIFTH DEFENSE

Any and all actions taken by Defendant with regard to Plaintiff were based solely on legitimate, business-related, non-discriminatory, non-pretextual reasons, were not contrary to public policy or unlawful and were otherwise justified by business necessity.

### SIXTH DEFENSE

Defendant denies that any act or omission on its part is the proximate cause of the injuries and damages alleged by Plaintiff.

### SEVENTH DEFENSE

Defendant avers that any back-pay amounts allegedly owed to Plaintiff must be offset by Plaintiff's interim earnings and/or amounts earnable by Plaintiff with reasonable diligence.

### EIGHTH DEFENSE

Plaintiff's claims are barred because any recovery from Defendant would result in Plaintiff's unjust enrichment.

### NINTH DEFENSE

Any psychological problems or mental/emotional distress Plaintiff claims to suffer are the result of other causes unrelated to Defendant.

### TENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

### ELEVENTH DEFENSE

Defendant denies that it has engaged in intentional discrimination against Plaintiff.

### TWELFTH DEFENSE

Plaintiff has failed to allege an adverse employment action.

### THIRTEENTH DEFENSE

Defendant reserves the right to amend the Answer and assert any additional affirmative defenses as it may become available or apparent throughout this litigation.

**WHEREFORE,** the Defendant prays the Court as follows:

A. That Plaintiff have and recover nothing of Defendant in this action;

B. That the Court dismiss this action in its entirety with prejudice;

C. That the Court award Defendant costs, attorneys' fees, and all other fees incurred in the defense of this action as provided by applicable law; and

D. For such other relief as the Court deems just and proper.

This the 3rd day of August 2021.

/s Mindy B. Sanchez
Mindy B. Sanchez
Attorney for Defendant
N.C. Bar No. 43444
Senior Associate General Counsel
Charlotte-Mecklenburg Board of Education
600 E. Fourth Street, 5th Floor
Charlotte, North Carolina 28202
Phone: 980-343-6228
Email: mindyb.sanchez@cms.k12.nc.us

# CERTIFICATE OF SERVICE

This is to certify that on this date I electronically filed the foregoing ANSWER with the Clerk of Court using the CM/ECF systems, which will automatically serve the following CM/ECF participant(s):

Kirk J. Angel, Esq.
The Angel Law Firm
1036 Branchview Drive NE
Concord, NC 28025
kirk@mailalf.com
Attorney for Plaintiff

This the 3rd day of August 2021.

        /s Mindy B. Sanchez
        Mindy B. Sanchez
        Attorney for Defendant
        N.C. Bar No. 43444
        Senior Associate General Counsel
        Charlotte-Mecklenburg Board of Education
        600 E. Fourth Street, 5th Floor
        Charlotte, North Carolina 28202
        Phone: 980-343-6228
        Email: mindyb.sanchez@cms.k12.nc.us