# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:21-CV-263-FDW-DCK

| | |
|---|---|
| **JASMINE GREENE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **CHARLOTTE-MECKLENBURG BOARD** ) | |
| **OF EDUCATION,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Motion For Entry Of Consent Protective Order" (Document No. 8) filed October 15, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

Plaintiff Jasmine Greene and Defendant Charlotte-Mecklenburg Board of Education ("CMS"), by and through their respective counsel, are presently engaged in discovery, and consider certain information being sought in discovery, or otherwise included within the documents sought in discovery, to be of a confidential nature. The Parties hereby stipulate and request that this Stipulated Protective Order ("Order") be entered by this Court pursuant to Federal Rule of Civil Procedure 26(c)(1).

The Court having considered the provisions hereof, and finding it appropriate to do so, hereby orders as follows:

**1.    PURPOSES AND LIMITATIONS**

CMS considers and represents that discovery activity in this litigation is likely to include production of confidential or private information of current or former employees of CMS and non-public records for which special protection from public disclosure (or use for any purpose other than prosecuting this litigation) is warranted. Such records include personnel files and information as defined in NCGS §§115C-319 through 115C-321 and may include but is not limited to: applications; leave; performance evaluations and forms (including observations); disciplinary actions; termination of employment; grievances; complaints; EEOC or discrimination matters; human resources and other investigations; licensure information; and similar information and documents, wherever located and in whatever form. Confidential Personnel Information may be located in, but not limited to, the following documents or materials: (i) personnel files; (ii) interview files and the information contained therein; (iii) supervisory notes and documentation; (iv) investigative files which may include incident reports as well as notes, photos, videos and audio recordings; and (v) employment files maintained by employee relations, or by other CMS administrators.

Based upon this information, this Order is warranted and required to prevent and/or limit disclosure of non-party information and/or documents that may be exchanged and/or produced in this case.

The Parties acknowledge that this Order only applies to information designated as confidential and protected hereunder.

Plaintiff asserts that her income, pay, tax, medical information and documentation should be treated as confidential and protected from disclosure to non-parties.

**2.** The Parties acknowledge, as set forth in Section 7.4, *infra*, that this Order does not entitle them to file confidential information under seal; rather, LCvR 6.1 sets forth the procedures

that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**3.    DEFINITIONS**

Except as otherwise expressly defined in this Order, the following definitions shall apply:

**3.1    Party.**  Any Party to this action.

**3.2    Counsel.**  Attorneys representing the Parties and employees and/or agents of counsel who have responsibility for the preparation and trial of this action.

**3.3    Producing Party.**  The Party that discloses or produces in response to discovery requests documents or other materials.

**3.4    "CONFIDENTIAL" Information or Items**.  Any non-public information produced during discovery deserving protection under the Federal Rule of Civil Procedure and/or Local Rules that the Producing Party in good faith reasonably believes:

**(a)**    contains any non-public information that is protected from disclosure by N.C.G.S. §§115C-319 through 115C-321;

**(b)**    contains any information that is confidential pursuant to the North Carolina Public Records Act as set forth in N.C.G.S. 132 et seq.;

**(c)**    contains information related to Plaintiff's pay/income, taxes, or medical treatment.

**3.5    Designating Party**.  A Party that designates information or items that it or a third party produces in disclosures or in responses to discovery as confidential.

**3.6    Receiving Party**.  A Party that receives disclosures or discovery materials from the Producing Party and/or Designating Party.

**3.7    Protected Materials.**  Any disclosures or discovery materials that are designated as "CONFIDENTIAL" Information or Items.

**3.8    Consultant and Expert**.  A person or persons with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel to serve as an expert witness or consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

**3.9    Court Reporters and Recorders.**  Any person engaged to record depositions, hearings, or trial proceedings, or otherwise retained for similar purposes during litigation.

**3.10    Promptly.**  Within ten (10) business days.

**4.    SCOPE**

The protections conferred by this Order cover not only Protected Materials (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in this litigation or in other settings that might reveal Protected Materials.

Nothing in this Order shall be construed as requiring disclosure of documents, information, or any other materials that are privileged in nature, or subject to the attorney-client privilege or the work-product doctrine, assuming no Party has waived said privileges and protections, and/or documents, information or other materials that are, or may be claimed to be, otherwise beyond the scope of permissible discovery.  Such matters are covered in a separate clawback agreement, as stipulated and agreed to by the Parties and hereby incorporated by reference.

**5.    DURATION**

This Order shall apply from the time it is entered and shall survive the termination of this litigation.  Even after final disposition of this litigation, the confidentiality obligations imposed by

this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**6. DESIGNATING PROTECTED MATERIAL**

**6.1 Manner of Designations**. The designation of Protected Materials shall be performed in the following manner:

**(a) Documents Designated as "CONFIDENTIAL"**: Any Party may designate a document as "CONFIDENTIAL" after review of the documents by Counsel, who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as set forth above. Information or documents that are available in the public sector may not be designated as "CONFIDENTIAL."

**(b) Deposition testimony**: Any Party may designate deposition testimony as "CONFIDENTIAL." Such designation shall be specific as to the portion(s) of testimony to be designated "CONFIDENTIAL." Within forty-five (45) days after delivery of the transcript, a Designating Party may serve a Notice of Designation to all Parties of record as to specific portions of the transcript to be designated "CONFIDENTIAL." Thereafter, those portions so designated shall be protected as "CONFIDENTIAL" pending any objection under the terms of this Order.

**(c) Other Information or Tangible Items:** For all other information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the

information or items warrant protection, the Producing Party, to the extent practicable, shall identify the specific protected portions.

**6.2    Exercise of Restraint and Care in Designating Material for Protection**.  Each Party that designates information or items as "CONFIDENTIAL" for protection under this Order must take due care to limit any such designation to Protected Material as defined in this Order.  A Designating Party must designate as "CONFIDENTIAL" only those parts of materials, documents, items, or oral or written communications that qualify so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

**6.3    Inadvertent Failure to Designate.**  Pursuant to Federal Rule of Evidence 502(d), an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not waive the Designating Party's right to secure protection under this Order for such material, as denoted in the clawback agreement referenced *supra*.  If material is designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.4    Inadvertent Disclosure.**  Additionally, inadvertent disclosure of any document or materials subject to a legitimate claim that the document is subject or otherwise protected from disclosure under the attorney-client privilege, work product doctrine, or any other type of privilege shall not waive the protection or privilege for either that document or for the subject matter of that document, as denoted in the clawback agreement referenced *supra*.

**7.    CHALLENGING A PARTY'S DESIGNATION**

**7.1      Timing of Challenges.**  Within thirty (30) days of the receipt of any document designated "CONFIDENTIAL," or of the refusal to produce a document on the ground of such designation, a Party may serve upon the Designating Party an objection to the designation.  The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents.  "CONFIDENTIAL" Information or Items to which an objection has been made shall remain "CONFIDENTIAL" until designated otherwise by agreement, waiver or order of the Court.

**7.2      Meet and Confer.**  If a Party contends that any material is not entitled to "CONFIDENTIAL" treatment, such Party shall give written notice to the Designating Party of its dispute.  The Parties shall first try to resolve such dispute in good faith on an informal basis within fourteen (14) days of service of the written notice described above.  If agreement is reached confirming or waiving the "CONFIDENTIAL" designation as to any documents subject to the objection, the Designating Party shall serve on all Parties a notice specifying the documents and the nature of the agreement.

**7.3      Judicial Intervention.**  If the dispute cannot be resolved by good faith efforts within fourteen (14) days of service of the written objection to the designation described above, the Party who challenges the designation of "CONFIDENTIAL" shall have thirty (30) days from the Designating Party's receipt of such written notice to move the Court for an order removing the "CONFIDENTIAL" designation from the material.  Each such motion should include a declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the challenging Party to make such a motion within thirty (30) days shall automatically waive its right at a later time to challenge the confidentiality designation for each challenged designation.  If the motion is timely, the information shall continue to be

7

Case 3:21-cv-00263-FDW-DCK   Document 9   Filed 10/18/21   Page 7 of 15

treated as "CONFIDENTIAL" until that motion is decided by the Court.  Nothing in this Order or any action or agreement of a Party limits the Court's power to make orders concerning the disclosure of information, documents, or materials produced in discovery, filed with the Court, or used during any hearing or at trial.

**7.4** **Burden.**  In all cases in which judicial intervention is sought for an order removing the "CONFIDENTIAL" designation from any material so designated, the Designating Party shall have the burden of persuasion to demonstrate that the material designated as "CONFIDENTIAL" is deserving of that designation under this Protective Order, the Federal Rules of Civil Procedure, local rules, or other applicable law or case law.  The designation of particular material as "CONFIDENTIAL" does not create any presumption that the material so designated is in fact deserving of such protection.

**8.** **ACCESS TO AND USE OF PROTECTED MATERIALS**

**8.1** **Basic Principles.**  A Receiving Party may only use Protected Materials that are disclosed or produced by a Party in connection with this case for prosecuting, defending, or attempting to settle this litigation.  Such unredacted Protected Material may be disclosed only to the Court and to the categories of persons described in this Order.  When the litigation has concluded, a Receiving Party shall comply with the provisions of Section 10 below.

Counsel for a Receiving Party which provides Protected Materials to certain permitted persons as specified in Section 7.2 shall maintain a copy of the signed Exhibit A ("Acknowledgment and Agreement to Be Bound").

**8.2** **Persons to Whom Protected Material May Be Disclosed.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Protected Materials

designated as "CONFIDENTIAL" Information or Items by a Designating Party may be disclosed only to the following persons:

**(a)** Counsel of record in this case, as well as other attorneys, paralegals, and staff who are employed by or are members of Counsel's respective law firms who work to represent a Party or Parties to this action, as well as all independent companies, agencies or agents who are directly engaged by Counsel to perform litigation support services under the supervision of such Counsel, and whose duties and responsibilities require access to the "CONFIDENTIAL" Information or Items;

**(b)** CMS Counsel, and all legal assistants, clerical or other staff working under the supervision of such Counsel, whose duties and responsibilities require access to the "CONFIDENTIAL" Information or Items;

**(c)** The Parties to this action;

**(d)** Experts and Consultants (as defined above) who have been retained by a Party or Parties to assist in preparation of this action for trial, and only after execution of Exhibit A hereto by such persons;

**(e)** Any person whose sworn testimony is taken during the course of litigation (by deposition or otherwise), provided that such person may only be provided with "CONFIDENTIAL" Information or Items during his or her testimony, or review of that testimony, and this person may not retain any "CONFIDENTIAL" Information or Items;

**(f)** The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or item;

**(g)** Any other person by written agreement of the Designating Party and only after execution of Exhibit A hereto by such persons; and

**(h)** Court Reporters and Recorders.

**8.3  Duty to Maintain "Protected Material" Securely.**  Protected Materials must be stored, maintained, and controlled by a Receiving Party in a secure manner that ensures that access is limited only to the persons authorized under this Order.  Nothing in this Order shall be deemed to restrict in any way any Producing Party with respect to the use of its own Protected Materials.

**8.4  Presentation of Protected Materials to the Court.**  In the event that a Party seeks to file an unredacted document that the non-filing Party designated as "CONFIDENTIAL" under this Order, the filing Party shall, after consulting with the non-filing Party, seek to file the unredacted documents marked "CONFIDENTIAL" under seal pursuant to LCvR 6.1.  Protected Materials may only be filed under seal pursuant to a Court order authorizing the seal of the specific Protected Materials at issue.  If the Court declines to permit specific Protected Materials to be filed under seal, those Protected Materials may then be filed in the public record only upon redaction of any information that the Court has determined should be shielded from public disclosure.

**8.5  Presentation of Protected Materials in Hearing or Trial.  A Party who intends to present, or anticipates that another Party may present, "CONFIDENTIAL" Information or Items at any hearing or at trial will apprise the Court of the issue, note the information or item likely to be presented, and in advance of the hearing or trial, do so either orally or through written submission.  The Court may thereafter make such rulings or orders as are necessary to govern the use of "CONFIDENTIAL" Information or Items at a hearing or trial.**

**9.  <u>NON-PARTY'S PROTECTED MATERIALS SOUGHT IN THIS LITIGATION</u>**

The terms of this Order are also applicable to information produced by a non-party in this action that is designated as "CONFIDENTIAL."  Such information produced by non-parties in

10

connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIALS**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Materials to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly (a) notify the Designating Party of the unauthorized disclosure(s) in writing; (b) use its best efforts to retrieve all copies of the Protected Materials; (c) promptly inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A; and (e) request that the person or persons to whom unauthorized disclosures were made destroy any information, materials or documents not otherwise returned as well as any copies made thereof. The Designating Party reserves all rights to take action against the Receiving Party for its violations. In the event that any individual or entity violates or threatens to violate any term of this Order, any Party or Parties may seek injunctive relief against that individual or entity.

11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Designating Party, the terms of this Order shall remain in force as an agreement between the Parties after dismissal or entry of final judgment not subject to further appeal. Actions to enforce the terms of the Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action. Within thirty (30) calendar days after the final disposition of this action, as defined below, each Receiving Party must return all Protected Materials to the Producing Party

or certify in writing that all Protected Materials have been destroyed. As used in this subdivision, all Protected Material includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Materials.

Whether the Protected Materials are returned or destroyed, the Receiving Party must submit a written certification under penalty of perjury to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty (30) day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Materials unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that Party elects to destroy the documents and certifies to the Producing Party that it has done so. Notwithstanding this provision, Counsel are entitled to retain one archival copy of all pleadings, exhibits used in the litigation, motion papers, transcripts, legal memoranda, correspondence or attorney work-product, even if such materials contain Protected Materials. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Filings with the Court under seal shall remain in the ECF system and will not be deleted except by order of the Court.

**12. MISCELLANEOUS**

    **12.1    Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

    **12.2    Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  Each Party expressly acknowledges that written modifications to this Order approved by the Parties may be necessary as the case goes forward.

    **12.3    Enforcement.**  Each Party and person bound by this Order, including all who have executed Exhibit A, agrees that the United States District Court for the Western District of North Carolina – Charlotte Division has jurisdiction to enforce the terms of this Order, and that such jurisdiction continues beyond the date this matter is concluded.  The United States District Court for the Western District of North Carolina – Charlotte Division shall retain jurisdiction over all Parties and persons who have received Protected Materials for the purpose of enforcing the provisions of the Order after the action is otherwise terminated, making such rulings and entering such orders as may be necessary to compel compliance and impose sanctions as the Court shall determine.  Should a dispute materialize concerning whether a person was improperly provided Protected Material, the Party in possession of Exhibit A for that person shall provide it to the complaining party with five (5) business days of written notice.

    **12.4    Right to Assert Other Objections.**  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  The Parties specifically agree that they shall

13

Case 3:21-cv-00263-FDW-DCK   Document 9   Filed 10/18/21   Page 13 of 15

not use this Order to support a waiver argument in any discovery motion or use this Order to argue that any party waived its objections to produce any particular documents or information.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

| | |
|---|---|
| /s/ Kirk J. Angel, Esq. | /s/ Mindy Sanchez, Esq. |
| Kirk J. Angel, Esq. (N.C. Bar No. 33559) | Mindy Sanchez, Esq. (N.C. Bar No. 43444) |
| **THE ANGEL LAW FIRM, PLLC** | **CHARLOTTE-MECKLENBURG BOARD OF EDUCATION** |
| 1036 Branchview Drive, NE, Suite 102 | |
| PO Box 1296 (28026) | 600 E. Fourth Street, 5th Floor |
| Concord, NC 28025 | Charlotte, NC 28202 |
| Telephone: (704) 706-9292 | Telephone: (980) 343-6228 |
| Facsimile: (704) 973-7859 | Mindyb.sanchez@cms.k12.nc.us |
| kirk@mailalf.com | Hopea.root@cms.k12.nc.us |
| *Counsel for Plaintiff, Jasmine Greene* | *Counsel for Defendant, Charlotte-Mecklenburg Board of Education* |

Signed: October 18, 2021

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [insert full name], declare under penalty of perjury that I have read the Stipulated Protective Order in its entirety and understand that it was issued by the United States District Court for the Western District of North Carolina – Charlotte Division on _____, 2021 in the case of *Jasmine Greene v. Charlette-Mecklenburg Board of Education, et al.,* Civil Action No. 3:21-cv-00263.

I hereby agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court in this matter. I solemnly promise not to disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina – Charlotte Division for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Address: _____

_____

Signature: _____

Date: _____