UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00263-FDW-DCK

| | | |
|---|---|---|
| JASMINE GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| CHARLOTTE-MECKLENBURG BOARD | ) | ORDER |
| OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on the following motions: (1) Defendant's Partial Motion for Summary Judgment, (Doc. No. 23), wherein Defendant seeks dismissal of Plaintiff's second claim pursuant to Rule 56(b) of the Federal Rules of Civil Procedure; and (2) the parties' Consent Motion to Continue Docket Call/Trial, (Doc. No. 28). The motions have been fully briefed and are ripe for review. For the reasons set forth below, the motions are DENIED.

As set forth above, Defendant's Motion seeks the Court's resolution in Defendant's favor on Plaintiff's second claim, wherein Plaintiff asserts Defendant failed to provide a reasonable accommodation as required under the American with Disabilities Act (the "**ADA**"). In order to establish a *prima facie* case for failure to accommodate under the ADA, a plaintiff must show: (1) she was an individual who had a disability within the meaning of the statute; (2) the employer had notice of her disability; (3) with reasonable accommodation she could perform the essential functions of the position …; and (4) the employer refused to make such accommodations. See Wilson v. Dollar Gen. Corp., 717 F. 3d 337, 345 (4th Cir. 2013) (citations omitted). The ADA defines "reasonable accommodation" to include a "modification or adjustment to the work environment, or to the manner or circumstances under which the position held or desired is

1

customarily performed, that enable an individual with a disability who is qualified to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii).

The parties' pleadings, including the exhibits submitted in support of and opposition to the summary judgment motion, make clear the parties' dispute as to whether Plaintiff was entitled to and afforded a reasonable accommodation. Resolution of these disputes would require the Court to resolve the credibility of witnesses and weigh the evidence, which is appropriate for a jury, not the Court. Sedar v. Reston Town Ctr. Prop., LLC, 988 F.3d 756, 761 (4th Cir. 2021) ("[C]ourts must . . . refrain from weighing the evidence or making credibility determinations. A court improperly weighs the evidence if it fails to credit evidence that contradicts its factual conclusions or fails to draw reasonable inferences in the light most favorable to the nonmoving party." (citations and quotations omitted)). Accordingly, the Court DENIES Defendant's Motion.

The Court now turns to the parties' Consent Motion to Continue Docket Call/Trial, (Doc. No. 28). After careful review of the parties' Motion, the Court finds no sufficient basis to continue the trial setting in this matter, currently scheduled to begin with docket call on July 11, 2022, at 9:01 a.m. Accordingly, the Motion is DENIED. The parties' jointly prepared pretrial submissions required under the Case Management Order in this matter, (Doc. No. 6), shall be due July 6, 2022.

IT IS THEREFORE ORDERED that Defendant's Partial Motion for Summary Judgment, (Doc. No. 23), and the parties' Consent Motion to Continue Docket Call/Trial, (Doc. No. 28), are DENIED.

TAKE NOTICE that a pretrial conference will take place immediately following docket call on July 11, 2021, at 9:15 a.m. in Courtroom #5B of the Charles R. Jonas Building, 401 W. Trade Street, Charlotte, North Carolina.

IT IS SO ORDERED.

Signed: June 22, 2022

Frank D. Whitney
United States District Judge